### CHARLES B. SNELL v. CINCINNATI STREET RAILWAY CO.

1. CHANGE OF VENUE—REFUSAL TO GRANT—ERROR MUST BE PROSECUTED WITH-IN SIX MONTHS.

> An application for a change of venue to an adjoining county is a special pro-ceeding, and a refusal to grant such an order affects a substantial right, and error thereto must be prosecuted within six months.

2. MINORITY OF COURT HOLDS STATUTE UNCONSTITUTIONAL.

> In the opinion of a minority of the court, sec. 5033, Rev. Stat., providing for a change of venue in a suit against a corporation, is unconstitutional

The plaintiff in error in this case asks that the judgment of the common pleas court in favor of the defendant in error be reversed for error in refusing a change of venue to an adjoining county, pursuant to the provisions of sec. 5033, Rev. Stat. At the first trial of the case in the common pleas there was an instructed verdict for the defendant. Error was prosecuted, and the circuit court reversed the common pleas, and the Supreme Court affirmed the circuit court. At the second trial in the common pleas there was a hung jury, and the plaintiff thereupon filed his motion and affidavits, under sec. 5033, for a change of venue, which motion was denied. The trial again proceeded, and there was a verdict for the defendant. From the final judgment thus obtained by the defendant, error was prosecuted by the plaintiff on the sole ground that the common pleas court erred in denying the plaintiff in error a change of venue.

SWING, J.

Judges Cox and Swing are of the opinion that the provision of the statute by which it was sought to change the venue in this case is a special proceeding within the meaning of sec. 6707, Rev. Stat., and that the judgment or order of the court in refusing to grant the change of venue was an order affecting a substantial right in said special proceed-ings, and therefore proceedings in error could only be prosecuted within six months from the rendition of said judgment, and the proceedings in this court having been brought long after six months from the rendition of the judgment, this court is without jurisdiction, and therefore the petition in error must be stricken from the docket.

Cox, J.

1.    The first motion having been overruled and no exception taken or filed within the time allowed by law was decisive of the case, and the second motion being for substantially the same reason as the first, should have been stricken from the docket.

2.    Said law is in my opinion unconstitutional in that it does not afford equal protection to all as required by 2d section Bill of Rights and 1st section 14th Amendment to United States Constitution.    I think it comes within the principle laid down in the case of State ex rel v. Ferris, 53 O. S., 314.    It provides that the venue can be changed on application of the opposite side when the corporation has fifty stockholders resident in the county.    But if a corporation has only forty-nine stockholders it is not subject to the law.    There seems to me to be no reason for this discrimination.

*John W. Wolfe* and *Thomas L. Michie*, for plaintiff in error.

Smith, J.   (dissenting.)

As I do not concur with my associates in holding that the petition in error in this case should be stricken from the files on the ground that the application made to the court of common pleas for the change of venue under sec. 5033, Rev. Stat., was a "special proceeding," and that it was necessary in order that the ruling refusing such change could be reviewed by this court, that a proceeding in error should be prosecuted within six months from the making of such order, and this too, although there was no final judgment in the action in which it was made, until shortly before the prosecution of this error proceeding.    I state my views on this point as well as on the questions raised by the petition in error.

In the first place, I am of the opinion that the application for a change of venue in the original action was not a "special proceeding," under the terms of sec. 6707, Rev. Stat., which give to parties the right to prosecute error to "an order affecting a substantial right made in a special proceeding," and that the order complained of was not one "affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment."    It seems to me that the filing of such motion in a pending action, and the ruling thereon by the court, were simply steps in the progress of the action, and that the party aggrieved by such ruling was not bound or permitted under our statute to seek reversal thereof until the final determination of the action in which the ruling was made.    That it is analogous to the case where a party to the action before the trial commences, challenges the array of the jury summoned to sit in his case, or challenges one or more jurors for cause; or, under sec. 5191, Rev. Stat., seeks to have the jury sent to see the subject of litigation or the place where a material fact occurred —in none of those cases would error lie to the action of the court until the final determination of the action.    In the case of a ruling against a party on these and other questions, it would be strange if the progress of the main action should cease until the propriety or correctness of the ruling could be tested by the filing and determination of proceedings in error.    On the contrary, that the law, and the practice is, that the action proceeds to final judgment, and then, if the party has saved his exception to the ruling in due form, he may within the time limited by the statute from the date of such final judgment, by proceedings in error, seek its reversal, on the ground that the court erred in the disposition of such motion.

There has unquestionably been some doubt and difference of opinion at to what is a " special proceeding " under the language of sec. 6707, Rev. Stat., which provides, in substance, that an order affecting a substantial right in a special proceeding is a final order which may be vacated, modified or reversed as provided by the statute, and whether proceedings in error in certain cases may be prosecuted before the action or proceedings in which the order complained of was made, has been terminated. This is probably due to the fact that in division 7 of the Rev. Stat., under the head of " Special Proceedings," are enumerated nineteen different actions or proceedings, and among them are dower, partition, real actions and replevin, all four of which must be considered as " actions " under our code of civil procedure. There are other remedies and applications provided for by the statute, not enumerated in the statute under the head of special proceedings, which have been held to be such; for instance, it was held in Missionary Society v. Ely, 56 O. S., 405, that an application to the probate court to admit an alleged will to probate is a special proceeding within the meaning of that clause of sec. 6707 Rev. Stat., which provides that an order affecting a substantial right in a special proceeding is a final order which may be vacated, modified or reversed as provided, in title IV, of the Revised Statutes. And in the Burke v. Railway Co., 45 O. S., 631, it was held that an order of the common pleas court overruling a motion to dissolve an injunction may be so reviewed by the circuit court.

In Missionary Society v. Ely, *supra*, Judge Spear in deciding the case, holding that the application to the probate court was a special proceeding, says:

"Our code does not, as does the code of New York, specify that every remedy which is not an action is a special proceeding. Nor does our statute give any definition of an action or a special proceeding. But we suppose that any ordinary proceeding in a court of justice by which a party prosecutes another for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense, involving proofs and pleadings, and ending in a judgment, is an action, while every proceeding other than an action, where a remedy is sought by an original application to a court for a judgment or order, is a special proceeding."

There is no doubt but that the original case of Snell v. Railroad Company, to recover damages for a personal injury, was an action. The application for a change of venue was in that action—under the same title and number as the pleadings in the case, and was an application to the court.

I am therefore of the opinion as before stated, that the application for the change of venue was but one of the steps in the original action, and that error could not be prosecuted as to a ruling thereon, by either party until the termination of the action, any more than could be done to the overruling or the sustaining of a demurrer, or the rulings of the court as to a continuance of the case, or as to the admission of evidence, or in the other matters before referred to.

And for the reasons hereinbefore stated, I am of the opinion that the claim of the counsel for the defendant in error, that the plaintiff in error waived his right to complain of the ruling of the court on his motion for a change of venue, by proceeding with the trial of the case in in this county without further objection, is not well founded. If I am correct in the views before expressed, that he could not prosecute error

until after a final judgment in the case, what else could he do than proceed and try it? He had already excepted to the ruling, and had taken his bill of exceptions presenting the question, and it would be folly for him to formally object to a trial, when that was just what he wanted. There must be a disposition of the case before he could avail himself of the error, precisely as if the court had erred to his prejudice in overruling or sustaining a demurrer on the case.

Other questions however are presented by counsel for defendant in error, as to which I have more doubt. The first is as to the effect of the overruling by the court of common pleas of a previous motion made by the plaintiff below, for a change of venue, based on the same statute, but supported by o her and different affidavits. Those affidavits were not brought into this case by any bill of exceptions, and consequently they are not before us. The journal entry of the common pleas simply shows the overruling of a motion for the change of venue, and so far as the record shows, it may have been overruled on some technical point. I may say however outside of the record, that after the first motion was overruled, the plaintiff in error by proceedings in mandamus sought in in this court to compel the trial judge to grant the change of venue. The writ was refused however, on the ground, as I recall, that the affidavits filed on the first motion did not comply with the law, and did not justify the court in granting such change. Afterwards, and perhaps at a subsequent term, the second motion was filed, on affidavits contained in the bill of exceptions, and which were not open to the same objections as those originally filed. The second application was heard by the court, no objection being taken by the railroad company to the filing of the same or its consideration by the court, and no plea was interposed that the same question had already been adjudicated by the court in the same case. But the court again overruled the application. It is now claimed that the decision on the first motion was a bar to the successful prosecution of the second, and that on what appears from the record it should be so held in this court, though the question was not presented or passed upon by the common pleas court. It seems to be the rule, and it is a reasonable one, that it is not a matter of right for a party to an action to file a second motion, where one based on the same grounds has already been passed upon by the court, and overruled. Why should precisely the same question be again presented? The court might properly refuse to hear it and strike it from the files. But if the motion presents wholly different grounds, or by mistake or otherwise the affidavits on which it is based were not sufficient, and the defect could be corrected, I can see no good reason why it ought not to be done. But at all events, it seems to me conceded that the court in which it is filed may allow it to be done, and in a case like this, where no objection to the filing of such motion was made by opposing counsel or the court itself, but the motion was heard and decided upon its merits, I think that a reviewing court should be slow to hold that the decision of the first motion is a bar to the filing or hearing of the second on its merits.

The next question is whether the section of the statutes under which this change of venue was sought, is unconstitutional. Section 5033, Rev. Stat., provides that "When a corporation having more than fifty scockholders is a party in an action pending in a county in which the corporation keeps its principal office or transacts its principal business, if the opposite party makes affidavit that he cannot as he believes have a fair and impartial trial in that county, and if his application is

sustained by the several affidavits of five credible persons residing in such county, the court shall change the venue to the adjoining county most convenient for both parties.''

Section 5032, Rev. Stat., is the one which makes general provision for a change of venue in civil actions. It provides that ''when it appears to the court that a fair and impartial trial cannot be had in the county where the suit is pending, the court may change the place of trial to some adjoining county.'' But it is clear that under this section such change of venue will be more difficult to obtain than under sec. 5033, Rev. Stat. ' In the one case it seems obligatory upon the court to grant the motion, if the six affidavits filed comply with the terms of the statute, and no counter affidavits are provided for. While under the other, a full hearing may be had, and proofs offered by the opposing party, and, the change is not to be made unless it is made to appear to the court that a fair and impartial trial cannot be made in the county where the suit is pending. The result of this is that under sec. 5033, Rev. Stat., greater rights are given to the person desiring the change of venue, than are given to the party making the application under sec. 5032, Rev. Stat.

It cannot be questioned but that the legislature has the right to provide that the parties to an action for good cause shown, shall be entitled to a change of the place of trial of such action to a county in the state adjoining that in which the action may have been brought, and that it has a very broad discretion in providing as to what shall constitute such good cause, and as to the mode and manner in which such change shall be made, and that unless in the provisions so made, the parties, or some of them, are thereby deprived of a constitutional right, the law thus enacted is valid, and the courts have no right to decline to enforce it on the ground that such legislation is unreasonable or ill advised; and the courts must proceed upon the idea that a strong presumption exists that the law is constitutional and valid. But if it clearly infringes upon the constitutional rights of a party to an action, the courts are bound to protect him in such right and hold the law to be invalid.

The question whether the statute under consideration is, or is not of this character, is one as to which I have entertained grave doubts. It has seemed to me that the manifest purpose of the legislature in its enactment was wise and wholesome. It might well be considered that a corporation having a very large capital stock, and with hundreds and perhaps thousands of persons stockholders therein, and with its principal office, or the place where it transacts its principal business, in the county in which the action is brought, and which corporation may have a very large number of employes, naturally being strongly interested in favor of the corporation in which they hold stock, or by which they are employed, presented such a state of the case as made it fair and just that the trial should be had in another county, if either of the parties to the action desired it, and could comply with the terms prescribed by the statute. The fact that the statute in this case provides that it may be done if the corporation has more than fifty stockholders does not seem to me to militate against the constitutionality of the act. If the stockholders are few in number, manifestly there is less necessity for a change of venue than if there is a much larger number, and I am of the opinion that in such case the legislature in fixing fifty as the number, has only exercised that discretion which is given to it by the constitution, and which cannot be controlled or interfered with by the courts.

Snell v. Railway Co.

But in this statute, the legislature has provided that the right to institute proceedings to obtain a change of venue in such case, shall be exercised by one only of the parties to the case, viz.: the party opposed to such corporation. What is the effect of this provision? Does it so operate as to deprive one of the parties to the action of the equal protection of a right guaranteed to him by the constitution? It seems to me that it does. It might well be that in such a case, the corporation, on being sued, might be the party who was desirous of having the change of venue, for the reason, it may be, that from the prejudice which is some times claimed to exist against large corporations, or for some other reason, it was apprehensive that a fair or impartial trial could not be obtained in the forum in which the action was brought. Why should it not have the same right, on complying with the provisions of the statute, to obtain the change of venue as the opposing party? I think that this so, and that in depriving the corporation of this right given to its adversary, the statute denies to it the equal protection of the law to which it was entitled, and which was guaranteed to it by the constitution.

It is urged by the counsel for plaintiff in error that no substantial right of the corporation can be infringed under this statute; that no burden, or anything in the nature of a penalty is imposed thereby on the corporation as was done in the case of the Coal Co. v. Rosser, 53 O. S., 12. But the right to have the action tried in the county in which it was brought is granted by the laws of the state to all the parties thereto, unless a change of the place of trial is granted by the court, under the authority of a valid act of the legislature. And so far as the question of burden is concerned, it is evident that, in most cases at least, a substantial burden would be imposed on both parties, perhaps, making much expense and trouble, by sending them to another place for the trial of the case. If the statute under consideration had given the same right to each of the parties to avail themselves of its provisions, I would not be able to see any reason why it should be held invalid. But as it does not do so, I am of the opinion that it is invalid, and I therefore think the proper judgment would have been to affirm the judgment of the court of common pleas. The conclusion reached I think is warranted by the holdings in the following cases.

Coal Co. v. Rosser, 53 O. S., 12; State v. Ferris, 53 O. S., 314; State v. Gardner, 58 O. S., 600; and the decision of the circuit court in Yeazell v. State, 40 Bulletin, 63.

*Paxton, Warrington & Boutet*, contra.